UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARIA D. NEGRON,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

Civil No. 09-1685 (JAF)

**OPINION AND ORDER**

Plaintiff petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for disability benefits. (Docket No. 1.) Plaintiff files a memorandum challenging Commissioner's denial (Docket No. 9), and Commissioner files a memorandum defending same (Docket No. 12).

**I.**

**Background**

We derive the following facts from the transcript of the record in this case ("R.") (Docket No. 6). Plaintiff was born on March 23, 1956. (R. at 165.) She completed the sixth grade. (R. at 27.) She worked a total of four months—in 1993, 1995, 1996, and 2001—as a kitchen helper at a children's school, and she worked from fall 2003 to spring or summer 2004 as a packer at

Civil No. 09-1685 (JAF)                                                                                                                          -2-

a cookie factory. (See R. at 43, 170.) On April 25, 2007, Plaintiff's husband died and, shortly thereafter, Plaintiff began treatment for depression. (R. at 27-28, 131.) On July 2, 2007, Plaintiff applied for Social Security widow's benefits. (R. at 165.) She claimed that she was disabled under the Social Security Act ("Act") on account of her depression and the dislocation of her right shoulder. (See R. at 169.)

On October 4, 2007, Commissioner determined that Plaintiff was not disabled and, accordingly, was not entitled to disability benefits under the Act. (R. at 36-39.) On December 4, 2007, Plaintiff requested reconsideration of the determination. (R. at 113-16.) Commissioner obliged and, on April 25, 2008, affirmed the denial. (R. at 117-21.)

On June 4, 2008, Plaintiff requested a hearing before an administrative law judge ("ALJ") (R. at 122), which took place before ALJ Gilbert Rodríguez, on January 20, 2009 (R. at 24). Plaintiff attended the hearing with counsel and testified regarding her alleged disability. (R. at 24-34.) On the basis of that testimony and evidence discussed below in Part III, the ALJ rendered a decision on March 10, 2009, determining that Plaintiff is not disabled and denying her benefits under the Act. (R. at 8-23.) On March 31, 2009, Plaintiff requested review of the ALJ decision from the Appeals Council (R. at 6-7) and, on June 24, 2009, the Appeals Council denied her that review (R. at 1-5). Finally, on July 20, 2009, Plaintiff filed the instant case for judicial review of Commissioner's decision. (Docket No. 1.)

## II.

### Standard of Review

An individual is disabled under the Act if she is unable to do her prior work or, "considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). In reviewing a denial of benefits, the ALJ must consider all evidence in the record. 20 C.F.R. § 404.1520(a)(3). Credibility and "[c]onflicts in the evidence are . . . for the [ALJ] — rather than the courts — to resolve." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 141 (1st Cir. 1987). We reverse the ALJ only if we find that he derived his decision "by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

### III.

### Analysis

Plaintiff argues that the ALJ erred in assessing the severity of her physical and mental impairments and the effect of these on her ability to perform her past work. (Docket No. 9.) Plaintiff argues specifically that the ALJ disregarded, without explanation, her testimony and relevant conclusions of her treating physicians. (Id.) We analyze these arguments below with respect to each ALJ determination unfavorable to Plaintiff, namely that (1) among her various ailments, only her depression constitutes a severe impairment; (2) her depression does not meet or equal a listed impairment; and (3) her RFC permits her to perform her past relevant work.

**A.   Severe Impairments**

Of the several ailments from which Plaintiff suffers, the ALJ found that only one, her depression, is severe. (See R. at 16-17.) This constitutes a finding by the ALJ that Plaintiff's other impairments do not "significantly limit [her] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Specifically, the ALJ concluded that Plaintiff's physical impairments do not affect her ability to walk, stand, sit, lift, push, pull, reach, carry, or handle. § 404.1521(b). On review, we must determine whether substantial evidence supports this conclusion.

Plaintiff claimed that dislocation of her right shoulder constitutes a severe physical impairment. Her medical records reflect that she received treatment for her shoulder, including pain medication, from Dr. Jorge Janer-García. (See, e.g., R. at 236.) Dr. Janer submitted his

Civil No. 09-1685 (JAF)                                                                                                        -5-

progress notes, dated June 2007 through September 2008, along with an evaluation as to the overall nature of Plaintiff's physical impairments. (R. at 75-94, 231-44, 283-310.) As to Plaintiff's right shoulder, Dr. Janer concluded that the pain limited her ability to, inter alia, lift, push, and pull. (See R. at 283-84, 287.) He noted that his conclusion was grounded on x-ray results. (R. at 284.) Within his record, however, we see the results of only one x-ray regarding Plaintiff's right shoulder, which states: "The bones and joints appear normal and well preserved. No fracture or dislocation is noted." (R. at 242.) Lacking, therefore, are any laboratory findings supporting Plaintiff's claim that her right shoulder pain constitutes a physical impairment. See §§ 404.1508, 404.1528. This also undermines Dr. Janer's conclusion, which he stated was grounded on x-ray results. As there is no other medical evidence on the record as to Plaintiff's right shoulder pain, we find that the ALJ's conclusion that it does not constitute a severe physical impairment (see R. at 17) is supported by substantial evidence.

Plaintiff also suggests that her other documented physical ailments, specifically high cholesterol and diabetes, constitute severe physical impairments. (Docket No. 9 at 16.) Though Plaintiff never before claimed a physical impairment other than right shoulder pain (see, e.g., R. at 16), the ALJ considered whether her diabetes and high cholesterol constitute severe impairments (R. at 17). The record contains no medical evidence suggesting they do; even Dr. Janer makes no mention of them in his September 2008 evaluation.[1] (See R. at 283-87.)

---

[1] Dr. Janer does report limitations based on Plaintiff's lower back pain. (R. at 283-87.) He noted, however, that it limits Plaintiff's functional capacity only when it flares up. (R. at 284.) As laboratory findings, he pointed to a spinal x-ray, which states: "The lumbar spine is straightened

Civil No. 09-1685 (JAF)                                                                                                               -6-

We, thus, conclude that the ALJ's determination on this point is supported by substantial evidence, as is the resulting conclusion that depression is the only severe impairment from which Plaintiff suffers.

### B.      Meets or Medically Equals a Listed Impairment

The ALJ concluded that Plaintiff's depression, while severe, does not meet or medically equal a listed impairment. (R. at 17-19.) On review, we must determine whether substantial evidence supports that conclusion.

Section 404.1520a describes a particular technique the ALJ must apply to assess a claimed mental impairment. See 20 C.F.R. § 404.1520a(a) (describing need for special technique). In determining that a plaintiff suffers from a severe mental impairment, an ALJ must make a specific finding as to the degree of limitation in each of four functional areas.[2] The

---

suggesting muscle spasm. The vertebral end plates, disc spaces and posterior elements are normal." (See R. at 284, 307.) Plaintiff, however, made no claim before the ALJ that her lower back pain constitutes severe impairment (see R. at 16), nor does she do so before this court (see Docket No. 9 at 16).

[2] An ALJ deciding whether a plaintiff suffers from a severe mental impairment first must determine whether the plaintiff has a medically determinable impairment and, if so, must both "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment" and "rate the degree of functional limitation resulting from the impairment." § 404.1520a(b). The ALJ must so rate as to four broad functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. § 404.1520a(c)(3). The ratings for the first three areas are based on a five-point scale (none, mild, moderate, marked, and extreme); the rating for the fourth area is based on a four-point scale (none, one or two, three, four or more). § 404.1520a(c)(4). If the ALJ rates the limitation in the first three functional areas as "none" or "mild" and in the fourth area as "none," the ALJ generally will conclude that the impairment is not severe. § 404.1520a(d)(1). Otherwise, the ALJ must continue the analysis by determining whether the impairment meets or is equivalent in severity to a listed mental disorder and, if so, assessing the plaintiff's RFC. § 404.1520a(d)(2), (3). The ALJ's "written decision must incorporate the pertinent findings and conclusions based on the technique." § 404.1520a(e)(2).

ALJ deciding whether a plaintiff's severe depression meets or medically equals a listed mental disorder uses those same ratings. At this second application of the ratings, however, the ALJ need only determine that a plaintiff's severe depression does not result in extreme—or "marked"—limitation in at least two of the four functional areas.[3]

In the case at hand, the ALJ found that Plaintiff has "mild" difficulties with activities of daily living and social functioning; "moderate" difficulties with concentration, persistence, or pace; and no episodes of decompensation. (R. at 17.) On review, we need only determine whether substantial evidence supports the ALJ's determination that Plaintiff's limitation is not "marked" in at least two of the four categories. See supra note 3 and accompanying text.

The ALJ's ratings are no less favorable to Plaintiff than the findings of the consulting physicians who submitted mental evaluations in this case. In fact, the first of two such evaluations, submitted in October 2007, reported that Plaintiff's mental impairment was not even severe. (R. at 251, 263.) It also reported the following ratings: mild, none, mild, none.

---

[3] To determine that a plaintiff's depression neither meets nor is equivalent in severity to the listed mental disorder, the ALJ has to find that the plaintiff's impairment does not match the criteria in either (1) paragraphs A and B of a particular section in the Code of Federal Regulations, 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, 12.04; or (2) paragraph C of same. See 20 C.F.R. §§ 404.1520a(d)(2), 404.1525. For a plaintiff's impairment to match the criteria in paragraph B, the ALJ has to determine that the plaintiff's limitation is "marked" in at least two of the four areas of functional capacities. See 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, 12.04B. For a plaintiff's impairment to match the criteria in paragraph C, the ALJ has to determine that the plaintiff experienced (1) repeated episodes of decompensation, each of extended duration; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. See 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, 12.04C.

Civil No. 09-1685 (JAF)                                                                                                           -8-

(R. at 261.)  The second evaluation, dated April 2008, reported ratings that mirror those of the ALJ.  (See R. at 269, 279.)

The ALJ also considered the findings of Plaintiff's treating and evaluating physicians. (R. at 19-23.)  Upon review of the record, we find that he accurately recited said findings and that substantial evidence supports his decision to weigh them as he did.  (See id.; R. at 95-107, 245-48, 311-31.)  Further, we find that the record, on the whole, contains sufficient evidence to support the ALJ's finding that Plaintiff experiences no more than moderate limitations in the first three categories and none in the fourth.  (See id.)  With the ALJ's ratings in mind, and with no evidence that Plaintiff's condition meets the criteria outlined in paragraph C, as defined supra note 3, we find that substantial evidence supports the ALJ's finding that Plaintiff's mental impairment neither meets nor medically equals a listed impairment.

**C.**     **Residual Functional Capacity and Ability to Perform Past Relevant Work**

To conclude, finally, that Plaintiff is not disabled, the ALJ first had to assess Plaintiff's RFC and then use that assessment to determine whether Plaintiff could perform her past relevant work or, if not, nevertheless adjust to other work.  See 20 C.F.R. §§ 404.1520(e), 404.1520a(d)(3), 404.1545, 404.1560–.1569a. Section 404.1545 guides the ALJ's assessment of RFC, which is defined as "the most [one] can do despite [one's] limitations." § 404.1545(a)(1). The ALJ must use "all of the relevant medical and other evidence" to assess RFC.  § 404.1545(a)(3); see also § 404.1545(c) (describing evidence relevant to mental

Civil No. 09-1685 (JAF)                                                                                                               -9-

limitations).  Section 404.1529 guides the ALJ's evaluation of symptoms and their effect on a Plaintiff's capacity for work.  See, e.g., § 404.1529(c), (d)(4).

Referencing relevant regulations, the ALJ found that Plaintiff has no exertional limitations but has certain nonexertional limitations due to her depression.  (See R. at 19-23.)  He reviewed the medical evidence on file and concluded that Plaintiff "retains the ability to learn, understand, and carry out simple instructions and tasks" and "can use judgment in making work related decisions; adapt and deal with changes in work settings and environments; sustain attention and concentration for at least two-hour intervals and, [finally,] relate and interact with others, such as co-workers, supervisors, and the general public."  (R. at 19.)  Having reviewed the record, we find this assessment supported by substantial evidence.  (See R. at 95-107, 245-48, 311-31.)

Next, the ALJ had to determine whether Plaintiff, given her particular RFC, can perform past relevant work.  See §§ 404.1520(f), 404.1560(b).  The ALJ may but need not use a vocational expert to aid this determination.  § 404.1560(b)(2).  The ALJ found, without the aid of a vocational expert, that Plaintiff can perform her past relevant work.  (R. at 23.)  Upon review of Plaintiff's work history evidence (R. at 43, 170-71), and given our finding as to the ALJ's assessment of Plaintiff's RFC, supra, we find that substantial evidence supports the ALJ's finding that Plaintiff can perform her past relevant work.  We, thus, uphold the ALJ's attendant conclusion that Plaintiff is not disabled.

## IV.

## **Conclusion**

In view of the foregoing, we hereby **AFFIRM** Commissioner's determination. We **DENY** Plaintiff's petition (Docket No. 1) and **DISMISS WITH PREJUDICE** all claims therein.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of April, 2010.

                                                              s/José Antonio Fusté
                                                              JOSE ANTONIO FUSTE
                                                              Chief U.S. District Judge